UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:06-CV-1052-G |
| GLORIA MUNOZ, | ) ) | **ECF** |
| Defendant. | ) ) | |

### MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff, Unum Life Insurance Company of America ("Unum Life" or "the plaintiff"), for summary judgment on its claims for breach of contract and unjust enrichment. For the reasons set forth below, the motion is granted.

### I. BACKGROUND

On April 1, 2000, Unum Life, the plaintiff, issued a group long-term disability insurance policy to Vial, Hamilton, Koch & Knox, LLP ("Vial"), policy number 0055058-1 ("the policy"). Appendix in Support of Plaintiff Unum Life Insurance Company of America's Brief in Support of its Motion for Summary Judgment

("Appendix") at 2 ¶ 2. The defendant, Gloria Munoz ("Munoz"), was a full-time employee of Vial, and, as such, was entitled to disability coverage under the policy. *Id.* at 2 ¶ 3. At the end of November 2001, Unum Life received Munoz's initial claim, including her application for disability benefits, her attending physician's statement, her employer's statement, and her salary information. *Id.* at 5-6 ¶ 10. According to this information, Munoz suffered from a torn rotator cuff in her right shoulder and was unable to work beginning November 9, 2001. *Id.* at 6 ¶ 10. Communication ensued between Unum Life and Munoz, and Munoz was approved for short term -- and, later, long term -- disability benefits under the plan. *Id.* at 6 ¶¶ 12, 13. Under the long term disability benefits, Unum Life provided Munoz with 60% of her basic monthly earnings reduced by "certain other income benefits," including Social Security. *Id.* at 6-7 ¶ 13.

In response to Unum Life's prompting, Munoz filed a claim with the Social Security Administration ("the SSA") for social security benefits. *Id.* at 7 ¶ 14. Munoz's claim was initially denied, but with Unum Life's aid, was subsequently approved. *Id.* at 7 ¶ 15. Unum Life, on two different occasions, supplied Munoz with copies of a Disability Payment Options/Reimbursement Agreement form ("Reimbursement Agreement"). *Id.* at 8 ¶ 16. By signing and returning the Reimbursement Agreement on February 9, 2004, Munoz requested that Unum Life issue her monetary benefits without reduction for "amounts received by other sources

until a final determination of [her] eligibility to receive those benefits [was] made." *Id.* at 8 ¶ 17.  She also agreed to "repay any overpayment incurred as a result of receiving any other benefits from those sources specified in the Policy."  *Id.*

On September 23, 2005, Unum Life notified Munoz that the SSA's award of retroactive benefits resulted in an overpayment of long term disability payments in the amount of $64,465.52 and requested that she reimburse Unum Life by October 23, 2005.  *Id.* at 10 ¶ 21.  On October 25, 2005, Munoz acknowledged to Unum Life the existence of an overpayment, but questioned the amount due.  *Id.* at 10 ¶ 22.  Discussions between the parties ensued and the very next day, Unum Life provided Munoz with a check-by-check calculation of their overpayment.  *Id.* at 11 ¶ 23.

Following more conversations, Unum Life sent another letter to Munoz on November 9, 2005, giving her until November 15, 2005 to fully reimburse Unum Life.  *Id.* at 11 ¶ 25.  Munoz failed to reimburse Unum Life again.  In response, Unum Life sent Munoz a letter informing her that Unum Life would apply her full monthly long term disability benefit ro reduce the overpayment.  *Id.* at 11-12 ¶ 26.  Subsequently, Munoz contacted Unum Life to discuss the overpayment again.  Munoz finally agreed to send a check for $59,221.03 to apply to the outstanding overpayment.  *Id.* at 12 ¶ 27.  However, payment was never sent.  *Id.*

Munoz reached the Maximum Benefit Period for coverage on May 8, 2006. *Id.* at 13 ¶ 30. After Unum Life applied her full monthly long term disability payments to the overpayment amount, the balance remained at $58,813.52. *Id.* at 13 ¶ 31.

The plaintiff filed this motion for summary judgment on December 22, 2006, contending that (1) Munoz and Unum Life entered into a valid contract for the payment of long term disability benefits, (2) Unum Life performed its obligations under the contract, (3) Munoz has breached the contract, and (4) that Unum Life has been damaged as a result. Additionally, the plaintiff contends that Munoz has been unjustly enriched through the overpayment of benefits that would be unconscionable for her to retain.

## II.  ANALYSIS

### A.  Legal Standard

Summary judgment is proper when the pleadings and evidence before the court show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); see also *Celotex Corporation v. Catrett*, 477 U.S. 317 (1986). The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn*

*Company*, 780 F.2d 1190, 1197 (5th Cir. 1986). While all of the evidence must be viewed in a light most favorable to the nonmovant, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)(citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's summary judgment burden. *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (citing *Little v. Liquid Air Corporation*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The movant makes the necessary showing by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex*, 477 U.S. at 323. The pleadings, depositions, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. FED. R. CIV. P. 56(c).

If the movant makes the required showing, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. To carry this burden, the "opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). Instead, the nonmovant must

show that the evidence is sufficient to support a resolution of the factual issue in her favor. *Anderson*, 477 U.S. at 249. When conflicting evidence is presented, the court is not permitted to make credibility determinations regarding the evidence. See *Lindsey v. Prive Corporation*, 987 F.2d 324, 327 (5th Cir. 1993). The nonmovant cannot survive a motion for summary judgment, however, by merely resting on the allegations in her pleadings. *Isquith for and on behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988).; see also *Celotex*, 477 U.S. at 324.

B. Requests for Admission

Under Federal Rule of Civil Procedure 36, a fact about which a request for admission has been requested is "conclusively established" if not objected to or denied within the time provided by the Rule or court order. FED. R. CIV. P. 36(a) ("The matter is admitted unless, within 30 days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter"); see also *Dukes v. South Carolina Insurance Company*, 770 F.2d 545, 549 (5th Cir. 1985); *Simien v. Chemical Waste Management, Inc.*, 30 F. Supp. 2d 939, 942 (W.D. La. 1998), *aff'd*, 174 F.3d 199 (5th Cir. 1999) (table). Moreover, facts established by Rule 36 admissions cannot be attacked by a non-moving party who seeks to resist summary judgment, and summary judgment may be entered on the basis of decisive facts established by a

party's failure to respond to requests for admission. See, *e.g.*, *Dukes*, 770 F.2d at 549; *Donovan v. Carls Drug Company, Inc.*, 703 F.2d 650, 651 (2d Cir. 1983), rejected on other grounds by *McLaughlin v. Richland Shoe Company*, 486 U.S. 128, 133-34 (1988).

On September 14, 2006, Unum Life served Munoz with the Plaintiff's Request for Admissions to Defendant ("the admissions") via certified mail, return receipt requested. *See* Appendix at 128 ¶ 2. Munoz failed to respond. *Id.* at 128-9 ¶ 2. Subsequently, on October 30, 2006, Unum Life sent a follow-up letter to Munoz requesting that she respond to discovery requests, including the Admissions. *Id.* at 129 ¶ 3. Again, Munoz failed to respond. *Id*. Accordingly, the fact information relied upon by the court has been deemed admitted by Munoz pursuant to Federal Rule of Civil Procedure 36(a).

### C. Breach of Contract

Unum Life maintains that Munoz has breached the contract entered into by the parties for the overpayment of long term disability benefits. *See* Plaintiff's Brief in Support of its Motion for Summary Judgment ("Plaintiff's Brief") at 16. Munoz did not respond to the plaintiff's motion for summary judgment.

Under Texas law, to prevail on a breach of contract claim, the plaintiff must demonstrate: (1) the existence of a valid contract; (2) the plaintiff's performance or tendered performance; (3) the defendant's breach of the agreement; and (4) the damages to the plaintiff as a result of the breach. *Terex Corporation v. Cubex Ltd.*, 2006

WL 3542706, *3 (N.D. Tex. December 7, 2006); see also *Recursion Software, Inc. v. Interactive Intelligence, Inc.*, 425 F. Supp. 2d 756, 781 (N.D. Tex. 2006) (Boyle, J.)(citing *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.--Houston [1st Dist.] 2003, pet. denied.)).  To prevail on summary judgment, the plaintiff must establish that there is no genuine issue of material fact as to the existence of these elements.

As mentioned above, Munoz failed to respond to the plaintiff's requested admissions.  Thus, pursuant to Federal Rule of Civil Procedure 36(a), the defendant is deemed to have admitted to all of the information contained in that request.  Because Munoz failed to respond the admissions, the court finds there was a valid contract between the parties.  *See* Appendix at 128-9 ¶¶ 2, 3.  Similarly, the court finds that Unum Life fully performed its obligations under the Reimbursement Agreement and that Munoz breached the same agreement through her refusal to pay Unum Life the full amount of overpayment.  *Id.* at 12 ¶ 27.  Finally, the court finds that because Munoz failed to reimburse Unum Life for the overpayment she received, Unum Life has suffered damages.  *Id.* at 13 ¶ 31.  Because the plaintiff has established that there is no fact issue as to the existence of a breach of contract claim, the plaintiff's motion for summary judgment for breach of contract is granted.

### D.  Unjust Enrichment

In the alternative, Unum Life alleges that Munoz has been unjustly enriched as a result of Unum Life's overpayment of disability benefits beyond those she is

entitled to under the Reimbursement Agreement.  *See* Plaintiff's Brief at 18.  Under Texas law, "a party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage."  *Elliott's Hallmark Travel, Inc. v. Laker Airways, Inc.*, 2000 WL 256893, *2 (N.D. Tex. March 6, 2000) (citing *Heldenfels Brothers, Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992).  Additionally, the plaintiffs argue an exception under Texas law that would allow them to recover for unjust enrichment in addition to recovery for breach of contract.  Generally, a plaintiff may not recover under a theory of unjust enrichment when a valid contract covers the dispute.  *Courson Family Land Partnership, Ltd. v. Latigo Petroleum Texas, LP*, 2006 WL 3044415, *3 (N.D. Tex. October 6, 2006) (citing *Fortune Production Company v. Conoco, Inc.*, 52 F. Supp. 2d 671, 684 (Tex. 2000)).  However, Unum Life correctly asserts that in some circumstances, a claim for unjust enrichment may be had where overpayment was made under a valid contract.  *Southwestern Electric Power Company v. Burlington Northern Railroad Company*, 966 S.W.2d 467, 469 (Tex. 1998); *Walsh v. America's Tele-Network Corporation*, 195 F. Supp. 2d 840, 851 (E.D. Tex. 2002).

As the court has previously explained, Munoz's lack of response to the plaintiff's request for admissions constitutes an admission of those facts.  Therefore, the court finds that Munoz retained payments in excess of what she was entitled to receive under the Reimbursement Agreement and that these payments unjustly

enriched her. *See* Appendix at 13 ¶ 31. Accordingly, the plaintiff's motion for summary judgement on its unjust enrichment claim is also granted.

### III. CONCLUSION

For the reasons set forth above, the plaintiff's motion for summary judgment is **GRANTED**. The plaintiff's request for an award of reasonable attorneys' fees in the amount of $10,125.50, together with pre-judgment and post-judgment interest, is also **GRANTED**.

Counsel for the plaintiff shall submit, no later than **March 9, 2007**, a proposed form of judgment in conformity with this memorandum opinion and order.

**SO ORDERED**.

February 27, 2007.

_____
A. JOE FISH
CHIEF JUDGE